FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 30 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

KENNETH ENG,

                   Plaintiff,

     -against-

L'PONI BALDWIN,

                  Defendant.

--------------------------------------------------------x

**MEMORANDUM & ORDER**

**14-cv-1644 (ENV)**

VITALIANO, D.J.,

On March 10, 2014, plaintiff Kenneth Eng, who is self-represented, initiated this lawsuit against defendant L'Poni Baldwin, alleging copyright infringement. Eng's application to proceed *in forma pauperis* is granted, but, for the reasons that follow, his complaint is dismissed without prejudice and with leave to replead within 30 days.

## Background[1]

In April 2005, Eng published his novel "Dragons: Lexicon Triumvirate," which chronicles the adventures of the dragon Dennagon, whose travails see him traveling across time and space between the dragon kingdom of Drakemight (also "Dragonworld") and medieval Earth in pursuit of "the Lexicon," an artifact of untold power. Eng's work juxtaposes fantasy with futuristic science fiction as it pits

---

[1] Background facts are drawn from the allegations in plaintiff's complaint, which are deemed true for the purposes of this decision. The Court also takes judicial notice of those literary works upon which Eng's complaint relies, and deems them incorporated by reference. *See, e.g., Int'l Audiotext Network v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 630 n.1 (S.D.N.Y. 2008).

1

humans and dragons alike against robot-dragon hybrids called "technodragons," over whom the wicked dragon lord Drekkenoth reigns supreme. Eng's imaginings place dragons even in the void of space, where "space dragons" roam freely.[2]

Apparently, Baldwin shares Eng's fascination with dragons, and has penned a number of her own works about mythical wyrms in untraditional scenarios. Her writings, which are available for purchase online at a nominal fee, appear to have been penned over the course of many years and released serially since 2012 in a digital "bookazine" or "subscription book" of Baldwin's creation called "The Society on Da Run." A frequent subject in Baldwin's expansive body of fiction is "space dragons," or "alien dragons," who rule an intersolar empire of planets and, who, over the course of human history, take an interest in Earth. Eng now claims that Baldwin has infringed on his copyright by incorporating "space dragons," "dragon gods," "cybernetic dragons," a meeting of dragons and futuristic technology, advanced civilizations of dragons, extraterrestrials battling dragons, and dragons with weapons into her work.[3]

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule

---

[2] Eng also avers that, in another work, a comic book appropriately entitled "Dragons vs. Aliens," publication date unknown, he devised the concept of dragons waging war with extraterrestrials, as well.

[3] Eng adds that his "[r]esearch indicates that [Baldwin] is black," and because he styles himself as "a well-known Asian Supremacist," he believes that she has copied his work out of malice. (Compl. ¶ III).

does not require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### Discussion

In order to state an actionable claim of copyright infringement, an owner[4] of

---

[4] As a threshold matter, Eng has not alleged that he possesses a valid copyright in "Dragons: Lexicon Triumvirate." A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of valid ownership of a copyright, *see* 17 U.S.C. § 410(c), and copyright holders are generally required to register their works before they are entitled to sue for infringement. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 163 (2010). This requirement, however, is not jurisdictional. *Id.* at 157. Although Eng's failure to prove that he holds a registered copyright is grounds for the Court to dismiss this action without prejudice, his claims must also fail as a matter of law, for the reasons which are discussed below.

a valid copyright claiming infringement must demonstrate that: "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (internal quotations and emphasis omitted). In practice, the question of "actual copying" by a defendant can be collapsed into the question of whether the defendant's work is substantially similar to the plaintiff's, and whether the alleged infringer had access to the protected work, so as to permit the inference of copying. *See Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 563 (S.D.N.Y. 2009) (collecting cases).

Thus, the relevant inquiry here is whether Baldwin's works are substantially similar to protected elements of Eng's works. *See Peter F. Gaito Architecture, LLC, v. Simone Development Corp.*, 602 F.2d 57, 62–63 (2d Cir. 2010) (resolution of substantial similarity as a matter of law is appropriate at the motion to dismiss phase). In considering whether works are substantially similar, the Court must ask whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work," while keeping in mind that works may consist of both protectable and unprotectable elements, and that only protectable elements should be compared. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995). Reflecting this understanding, it is axiomatic that "the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself." *Reyher v. Children's Television Workshop*, 533 F.2d 87,

4

90 (2d Cir. 1976) (citing *Mazer v. Stein*, 347 U.S. 201, 217 (1954)). In fact, "the essence of an infringement lies in taking not a general theme but its particular expression through similarities of treatment, details, scenes, events and characterization." *Id.* at 91.

It is clear that Eng, as told by him in his complaint, has seized hold of similarities between his *ideas*, as expressed in "Dragons: Lexicon Triumvirate," and Baldwin's, as expressed in her own works. Far from being "original" in a legal sense, the ideas which Eng purports to own are similarly common in the corpus of American science fiction and fantasy. Moreover, plaintiff entirely fails to identify how Baldwin's *expressions* are in any way substantially similar to his own, and even the most cursory comparison of the works in question can make clear that the authors express their common ideas quite differently. For instance, Eng alleges that the "dragon gods" in Baldwin's stories are "identical" to what the character Dennagon becomes in his own novel. But, where Eng's supreme dragon realized singular, limitless power through contact with the titular Lexicon artifact, and made himself one with eternity itself, the "dragon gods" of Baldwin's writings are many, less-than-omnipotent, and preoccupied with mundane concerns. In short, expressions which Eng calls "identical" to his own are anything but. In identifying only generalized concepts that his work and Baldwin's works share, Eng cannot make out an action for infringement of material protected by the copyright laws. *See Mattel, Inc. v. Azrak-Hamway Inat'l, Inc.*, 724 F.2d 357, 360 (2d Cir. 1983); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930).

## Conclusion

For the foregoing reasons, Eng has failed to state a claim of copyright infringement upon which relief may be granted. These claims must be dismissed, but without prejudice and with leave to amend, should Eng be able in good faith to identify any protected expression in his work—rather than unprotectable ideas or concepts—that defendant has allegedly infringed. Pursuant to this grant of leave, plaintiff may file an amended complaint, but must do so within 30 days of the entry on the docket of this Memorandum and Order. Should plaintiff decide to file an amended complaint, it shall be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. If plaintiff fails to timely file an amended complaint within 30 days of the entry of this Order on the docket, this case will be dismissed with final judgment entered for defendant.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:      Brooklyn, New York
            May 19, 2014

                                        /S/ Judge Eric N. Vitaliano
                                        _____
                                        **ERIC N. VITALIANO**
                                        **United States District Judge**