UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KENNETH ENG,

                        Plaintiff,

    -against-

L'PONI BALDWIN,

                        Defendant.
----------------------------------------------------------------x

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ JUN 30 2014 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

14-cv-1644 (ENV)

VITALIANO, D.J.,

        On March 10, 2014, plaintiff Kenneth Eng, who is self-represented, initiated this lawsuit against defendant L'Poni Baldwin, alleging copyright infringement. Eng claimed, in conclusory fashion, that Baldwin's works, published serially online under the name "The Society on Da Run," illegally infringed on ideas expressed in his own novel, "Dragons: Lexicon Triumvirate." On May 19, 2014, the Court dismissed Eng's complaint without prejudice, and with leave to amend within 30 days, if he could state facts to plausibly support a claim of copyright infringement in good faith. On June 5, 2014, Eng filed an amended complaint, which restated his original allegations, and added a single paragraph containing racial epithets and further conclusory allegations.

        Eng's additions by no means cure the deficiencies of his original complaint, which attacked Baldwin's works for conceptual similarities shared with his own fiction. Eng did not, and does not, point to any protectable *expression* of his ideas that Baldwin has appropriated. Rather, he continues to harp, instead, on

1

unprotectable *ideas* that the works have in common. *See Mattel, Inc. v. Azrak-Hamway Inat'l, Inc.*, 724 F.2d 357, 360 (2d Cir. 1983); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930). In his amended complaint, Eng points to the fact that dragons in Baldwin's stories evolved from dinosaurs, or emerged from a similar period in the Earth's pre-history, as did dragons in his own novel. This is not an original idea, let alone a protectable expression of an idea. Eng's observation that Baldwin's works are influenced by themes seen in Japanese anime is similarly of no moment. As was the case with Eng's earlier pleadings, his amended complaint fails to allege any fact upon which an actionable claim of copyright infringement against Baldwin could possibly rest. Any further attempt to amend would be futile.

## Conclusion

For these reasons, plaintiff's amended complaint is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly for defendant and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 24, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge